SARANAC LAND AND TIMBER COMPANY, Appellant, *v.* JAMES A. ROBERTS, as Comptroller of the State of New York, Respondent. (Action No. 1.)

*Saranac Land & Timber Co. v. Roberts*, 183 App. Div. 897, reversed.
(Argued September 30, 1918; decided November 12, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 24, 1918, modifying and affirming as modified an order of Special Term which granted a new trial of the action, refused to vacate the consent of the defendant to an order of reference therein and appointed a new referee to hear, try and determine the same. By the modification of the order the defendant was required to pay to the plaintiff the referee's and stenographer's fees of the last reference. The appeal to this court is from so much of the order as affirms the appointment of a new referee.

The following questions were certified: " 1. Where in an action of ejectment the parties have in open court consented to a trial by a referee and a referee selected

42

by the court has thereupon been appointed, and a trial had, and thereafter the judgment rendered by said referee having been set aside and a new trial ordered under section 1525 of the Code of Civil Procedure, and, the referee originally appointed having died, a new referee has been selected and appointed by the court and a new trial had before him, and the judgment rendered by said referee having been reversed by the Court of Appeals and a new trial ordered, and, the second referee having thereupon resigned, a new referee has been selected and appointed by the court and the action tried before him and judgment rendered, and a new trial upon the ground of newly-discovered evidence having thereupon been granted, is the court bound, on granting the motion for a new trial, to appoint a new referee, the referee who last tried the action not having been discharged or removed?  2. Where a referee has been appointed, as stated in the first question, and a new trial on the ground of newly-discovered evidence is granted, has the court power, on ordering the new trial, to appoint a new referee to try the action, the former referee not having been discharged or removed?  3. Where a referee has been appointed, as stated in the first question, and a new trial on the ground of newly-discovered evidence is granted, and the referee has not been discharged or removed, does the action on the entry of the order for a new trial stand referred to the former referee, or must a new referee be appointed? "

Thomas F. Conway and Frank E. Smith for appellant.

Merton E. Lewis, Attorney-General (Wilber W. Chambers of counsel), for respondent.

CHASE, J.  The order so far as appealed from should be reversed, with costs in this court and in the Appellate Division, and the motion, so far as the appointment of another referee is concerned, remitted to the Special Term for further consideration upon the facts before it.

The first question certified should be answered in the

negative, the second in the affirmative, and the third question should be answered as follows: " It stands referred to the former referee subject to the appointment of a new referee by the court on authority of *Saranac Land & Timber Co.* v. *Roberts* (224 N. Y. 337), decided herewith."

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN and CRANE, JJ., concur; MCLAUGHLIN, J., not voting.